IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOPKINS MANUFACTURING CORPORATION,

Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.,

Defendant.

Civil No. _11-CV-2258 K_HV/KMH

## Hopkins Manufacturing Corporation's Complaint

Hopkins Manufacturing Corporation, for its cause of action against Harbor Freight Tools USA, Inc., alleges and states as follows:

### Parties

1.      Plaintiff Hopkins Manufacturing Corporation ("Hopkins") is a corporation duly organized under the laws of the State of Kansas with a principal place of business at 428 Peyton Street, Emporia, Kansas 66801.

2.      Upon information and belief, Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") is a Delaware corporation with its principal place of business at 3491 Mission Oaks Boulevard, Camarillo, California 93012.  Upon information and belief, Harbor Freight's agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

### Jurisdiction and Venue

3.      This is an action for patent infringement arising under the patent laws, Title 35, United States Code.

1

4.      This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b) – (c), and 1400(b).  Upon information and belief, Harbor Freight sells various products, including the product complained of herein, throughout the United States and within this judicial district.

## Count I – Patent Infringement
(U.S. Patent No. D527,708)

6.      Hopkins incorporates by reference and re-alleges the allegations in paragraphs 1 – 5, above, as if fully set forth herein.

7.      On September 5, 2006, U.S. Patent No. D527,708 (the " '708 Patent"), entitled "Wiring Bracket," was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '708 Patent is attached hereto as Exhibit A.

8.      Hopkins owns all right, title, and interest in and to the '708 Patent, including full rights to recover past and future damages thereunder.

9.      Hopkins has been marketing and selling in the United States wiring adapters under the '708 Patent.

10.      Upon information and belief, Harbor Freight imports, makes, uses, sells, and/or offers to sell throughout the United States, including within this judicial district, one or more lines of wiring adapters, including, but not limited to, the Haul-Master wiring adapter (item #67620), that an ordinary observer, familiar with prior art designs, would be deceived into believing are the same as the design claimed in the '708 Patent.  Upon information and belief, by reason of these commercial activities, Harbor Freight has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '708 Patent.

2

11.    Although Hopkins has notified Harbor Freight of its infringement, Harbor Freight continues to infringe the '708 Patent.

12.    Upon information and belief, Harbor Freight has deliberately and willfully infringed the '708 Patent and will continue to infringe the '708 Patent and Hopkins will be irreparably harmed unless Harbor Freight is enjoined by this Court under 35 U.S.C. § 283 from its continuing infringement.

13.    As a direct and proximate result of the Harbor Freight's infringement of the '708 Patent, Hopkins has been, and is continuing to be, damaged and is entitled to recover damages from Harbor Freight under 35 U.S.C. § 284.

**WHEREFORE**, Hopkins requests that this Court enter a judgment:

(a)    Preliminarily and permanently enjoining and restraining Harbor Freight, its officers, directors, agents, dealers, representatives, servants, and employees, and all parties in active concert with Harbor Freight, from directly infringing, contributorily infringing, or inducing infringement of U.S. Patent No. D527,708;

(b)    Finding Harbor Freights' infringement of the '708 Patent to be willful;

(c)    Granting to Hopkins an award of damages, together with prejudgment interest, for the damages suffered by Hopkins as a result of infringement by Harbor Freight, and an award trebling said damages as a result of the willful nature of the Harbor Freight's infringement in accordance with 35 U.S.C. § 284;

(d)    Awarding Hopkins its costs and attorneys' fees, pursuant to 35 U.S.C. § 285; and

(e)    Granting Hopkins such other and further relief and remedy as justice may require.

**<u>Jury Demand</u>**

Hopkins demands a jury trial.

3

4

Respectfully Submitted,

Dated:    May 9, 2011          /s/ Scott R. Brown
Scott R. Brown, KS Bar #23,395
Matthew B. Walters, KS Bar #23,514
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647 – 9050
F: (913) 647 – 9057
srb@hoveywilliams.com
mbw@hoveywilliams.com

ATTORNEYS FOR PLAINTIFF
HOPKINS MANUFACTURING CORPORATION